

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Honorable George Moffett, Chairman
State Affairs Committee
Austin, Texas

Dear Mr. Moffett:

Opinion No. V-226

Re: Constitutionality of
H. B. No. 14 and re-
quired vote for pas-
sage.

Your letter requesting our opinion relative to above captioned matter reads, in part, as follows:

"The above cited Bill is a tax donation or remis-sion, which gives rise to the following questions, which are respectfully submitted:

"1. Under the provisions of the Constitution of the State of Texas, what vote would be re-quired for final passage of this measure?

"2. As House Bill 14 is drawn, may the coun-ties enumerated therein receive donations and grants under the terms of our Constitution?"

You attached a copy of H. B. No. 14 and we have care-fully examined same. This bill is not a tax remission bill, as authorized in cases of great public calamity by Section 10, of Article VIII of the Texas Constitution (requiring a vote of two-thirds of each House). This bill is a grant of public moneys, as authorized in cases of public calamity by Section 51 of Ar-ticle III of the Constitution of Texas.

Therefore, in answer to your first question it is our opinion that a majority vote in each House (a quorum being pre-sent) is sufficient for final passage.

We note in the caption the following clause: "authorizing a donation and grant to the San Antonio River Canal and Conservancy District of one-half (½) of the State ad valorem taxes collected in said counties;" and that the Act donates and grants to said district one-half (½) of the State ad valorem taxes to be collected during the next twenty years commencing with September 1st. Before action is taken on this legislation the caption should be corrected accordingly. In our opinion the clause in question should read as follows: "making a donation and grant to the San Antonio River Canal and Conservancy District of one-half (½) of the State ad valorem taxes to be collected in said counties for a period of twenty (20) years;".

In our opinion H. B. No. 14, upon correction of the caption as suggested above, would be a constitutional and valid enactment. The Supreme Court of Texas, in Harris County Flood Control District vs. Mann, 140 S. W. (2d) 1098, held a similar act valid.

The 45th Legislature, ch. 276, p. 556, created the San Antonio River Canal and Conservancy District and defined its powers and duties. Such district "consisting of that part of the State of Texas which is included in the boundaries of Bexar County, and also including the natural bed and banks of the San Antonio River from its source to its junction with the Guadalupe River", and other areas of land otherwise acquired. The San Antonio River flows through the counties of Bexar, Wilson, Karnes and Goliad. (The counties mentioned in H. B. No. 14).

In answer to your second question you are advised that House Bill 14, as drawn, or amended as suggested above, only grants to said San Antonio River Canal and Conservancy District one-half of the State ad valorem taxes collected in said counties during the next twenty years, and that said counties will not receive any grant or donation by virtue of said bill.

## SUMMARY

H. B. No. 14 granting one-half of the State ad valorem taxes collected during the next twenty years to the San Antonio River Canal and Conservancy District, if the caption is amended to conform to the body of the bill, is constitutional and a majority vote of each House is sufficient for its passage. Section 51 of Article III, Constitution

of Texas. Harris County Flood Control District vs. Mann, 140 S. W. (2d) 1098. This bill does not make a donation to Bexar, Wilson, Karnes or Goliad County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WVG:mmc

APPROVED

ATTORNEY GENERAL